Mr. Justice Cox
delivered the opinion of the court.
This is a suit for specific performance of a contract to purchase certain real estate. The defence is defect of title. The complainant’s ability to give a good title depends upon a decree rendered by this court, sitting in special term, in February, 1883, in a cause in which the present complainant, Alley, was complainant, and James M. Latta and wife were defendants. Against the validity of that decree the defendant, Quinter, sets up two objections on account of alleged irregularities or imperfections in the proceedings in the cause in which it was rendered, viz.: First, that the bill of complaint in that cause contained no prayer for process, and therefore Latta and wife, who were non-residents, were not properly made parties defendant; and, second, that the decree pro confesso against Latta and wife, preceding the reference for the taking testimony and the final decree, was rendered *393 during, instead of after, the last day allowed for their appearance by the order of publication on which the decree pro confesso rested.
We do not think these objections well taken. The requirement of a prayer for process is purely technical, the object being solely to indicate those against whom the relief sought by the bill is desired. We have been referred to several cases in which the prayer was held indispensable, but on examination the holding in each of those cases is found to depend upon reasons special to the jurisdiction, and hot now having general application. As has been said, a complainant may in his bill name many persons concerned in the transaction out of which arises his supposed claim to relief ; and the object of the prayer for process is to designate which of all those so named are to be proceeded against for such relief. Besides this it has no special significance and possesses no potency ; the prayer of itself, without the issue and service in some form of process, will not suffice to make a party defendant. Dan’l Ch. Pl., 390, n. 3. Such being the nature and office of the prayer, where the reason for it does not exist, the rule requiring it ought to have no application. Cessante ratione cessat et ipsa lex.
This is a case in which the reason of the requirement fails. The parties, Latta and wife, were named in the bill as “ defendants to this bill.” That was an unmistakable designation of those against whom relief was sought ; and process against them was in fact issued, placed in the hands of the proper officer for service and duly returned. We think'this was fully sufficient to make them parties defendant in the cause, notwithstanding the omission of the prayer for process from the bill.
The second objection, that the decree pro confesso was taken too soon, though it may at first sight seem more serious, is in reality entitled to no greater consideration. The object of the order of publication was as well to enable the complainant to proceed to a decree, notwithstanding the absence of the defendants, as to afford them an opportunity to come iu and defend the suit. Strictly, the decree should *394 not have been taken until after the expiration of December 5th ; and having been taken on that day it could have been vacated on a proper application by the defendants in case they had appeared during the day. No appearance having been put in by them, and no such application having been made, we think the decree may well be considered to have been rendered as though conditioned to go into effect in case no appearance should be entered by the defendants within the time allowed them. It is not pretended that those parties ever contemplated entering their appearance, or that their rights were in any wise affected by the rendition of the decree pro confesso on the rule day instead of on the day after. Under the circumstances we could not feel justified in holding that cause to have miscarried, merely by reason of the premature rendition of the decree pro confesso.
We think that the complainant has a good title to the premises involved in this cause, and he is entitled to a specific performance by the defendant of the contract to purchase.